IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEANNETTE M. LOPEZ, | ) | |
| | ) | |
| Plaintiff, | ) | 4:11CV3013 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| BECKI J. KEESHAN, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

    This is a personal injury action brought in diversity as a result of a car accident in Grand Island, Nebraska.  The defendant has moved to dismiss this matter pursuant to Fed. R. Civ. P. 12(b)(1) "based on the existence of parallel proceedings in the District Court of Hall County, Nebraska involving the same parties, accident, and damages as in this case or in the alternative stay all proceedings in accordance with the abstention doctrine."  ([Filing 6](#).)

    Plaintiff's brief in opposition to the defendant's motion to dismiss asserts that the motion should be denied because "Hall County District Court Judge Teresa Luther dismissed *Jeanette Lopez v. Becki J. Halte-Keeshan* on June 20, 2011.  Therefore, only one case is pending, which is this present federal action.  There is no parallel pending case."  ([Filing 10](#).)  The defendant did not reply to the plaintiff's brief.

    Because the existence of a similar case in the Hall County District Court is the basis of the defendant's pending motion to dismiss, and because the plaintiff claims that no such similar case exists, I shall order the defendant to file properly authenticated documentation establishing that the "parallel proceedings" in the Hall County District Court either are currently pending, as the defendant claims, or have been dismissed, as the plaintiff submits.  Accordingly,

IT IS ORDERED:

1. On or before August 26, 2011, the defendant shall file properly authenticated documentation establishing the status of the "parallel proceedings" in the Hall County District Court that are the basis for the defendant's motion to dismiss (filing 6);

2. The defendant's motion to dismiss (filing 6) shall be ripe for resolution after the filing of the above-described documentation;

3. The Clerk of Court shall adjust the "reply due" date on the defendant's motion to dismiss (filing 6) accordingly.

DATED this 17th day of August, 2011.

BY THE COURT:
s/ *Richard G. Kopf*
United States District Judge