IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEANNETTE M. LOPEZ, | ) | |
| | ) | |
| Plaintiff, | ) | 4:11CV3013 |
| | ) | |
| v. | ) | |
| | ) | |
| BECKI J. KEESHAN, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the following motions:

- Defendant's motion to quash the notice of deposition of Dr. Marcus Schroeder, (filing no. 34);

- Plaintiff's motion to extend the time for the submission of expert reports and motion in limine to determine whether Plaintiff may testify as a lay witness and as an expert, (filing no. 37);

- Defendant's motion to exclude the testimony of Dr. Marcus Schroeder, Dr. Curtis Partington, Dr. Ghaus Malik, Dr. Dave Kline, and any testimony of Plaintiff as an expert, (filing no. 39);

- Defendant's motion to extend the deposition deadline to take Plaintiff's deposition, (filing no. 42).

For the reasons set forth below the Plaintiff's motion to extend the deadline for the disclosure of expert reports is denied. Defendants' motions are granted in part and denied in part as set forth below.

FACTUAL BACKGROUND

Plaintiff Dr. Jeannette Lopez filed this suit against Becki Keeshan alleging Lopez suffered personal injury as a result of Keeshan's negligence in operating her car. The suit was

initiated on February 2, 2011. The parties completed the Rule 26(f) Report and a Final Progression Order was entered by the undersigned magistrate on October 8, 2011, (filing no. 18). Pursuant to the Final Progression Order, Plaintiff's expert disclosures and expert reports were to be completed by February 29, 2012. The discovery deadline was April 30, 2012, and trial was scheduled to commence on June 4, 2012.

In Plaintiff's Rule 26(a)(1) mandatory disclosures, filed on November 1, 2011, Lopez identified herself and Dr. Marcus Schroeder as individuals likely to have discoverable information.[1] Plaintiff filed expert disclosures on March 1, 2012, (filing no. 31) naming Dr. Marcus Schroeder, Dr. Curtis Partington, Dr. Ghaus Malik, and Dr. Dave Kline as experts. The disclosures contained only the experts' respective names and addresses along the following statements linking each expert to the case:

> Dr. Marcus Schroeder – Schroeder Chiropractic consulted Plaintiff for treatment post-accident.
>
> Dr. Curtis Partington, MD – Dr. Partington is a neuroradiologist who analyzed Plaintiff's MRI, along with Plaintiff.
>
> Dr. Ghaus Malik – Dr. Malik performed surgery on Plaintiff's neck in 1993.
>
> Dr. Dave Kline – Dr. Kline has not consulted with Plaintiff; however, if Plaintiff elected to have surgical intervention, Dr. Kline would be the surgeon.

Filing No. 31.

---

[1] Lopez identified a few other individuals, but their identities and witness descriptions are not relevant to the pending motions.

On April 4, 2012, Plaintiff's counsel sent an email to Defendant's counsel providing dates on which Plaintiff would be available to be deposed. The email also stated the following:

- Following Dr. Lopez's deposition, I want to telephonically depose the doctors which I identified as witnesses.

- Again I want to disclose, as I've done previously, that Dr. Lopez will be testifying in both a laymen and expert capacity.

Filing No. 44, p. 3.

On April 18, 2012 Defendant received a Notice of Deposition for Dr. Marcus Schroeder "to preserve said deposition testimony as direct testimony at trial." Filing No. 34, Ex. A. Defendant has filed a motion to quash the notice.

Plaintiff's deposition was scheduled for April 30, 2012. However, the parties could not agree upon the content of the deposition and whether Plaintiff would be allowed to provide expert testimony. The deposition was postponed until a ruling on the matter by this court.

On May 15, 2012, Defendant filed a motion for summary judgment arguing Plaintiff has provided no evidence her alleged injuries were caused by Defendant's negligence and has not provided expert testimony regarding whether Plaintiff's medical bills were fair, reasonable, or necessitated by the accident. The progression of the case, including the deadline for Plaintiff's response to the summary judgment motion, has been stayed pending resolution of all the pending discovery disputes.

LEGAL ANALYSIS

3

## 1.     Motion to Extend Expert Disclosure Deadline.

After the court enters a final progression order, the "schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4) .  In general, courts are encouraged to allow amendments liberally. See Shen v. Leo A. Daly Co., 222 F.3d 472, 478 (8th Cir. 2000).  However, "[i]f a party file[s] for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008)(quoting Popoalii v. Corr. Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008)).  Indeed, the "good cause"requirement found in Fed. R. Civ. P. 16(b) for amending the progression order after the relevant deadlines have passed  "is not optional."  Sherman, 532 F.3d at 716.  "The primary measure of good cause is the movant's diligence in attempting to meet the [progression] order's requirements." Id. at 716-17 (quoting Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir.2006).

Plaintiff has filed a motion to extend the expert disclosure deadline in order to include herself as an expert.  That is, Plaintiff is a physician and asserts she has been her own care provider.  Further, she asserts she has previously placed Defendant on notice of her intention to provide expert testimony.  However, it is undisputed that she did not formally disclose her intention to provide expert testimony by the deadline set forth in the Final Progression Order.

In order, for the court to amend the expert disclosure deadline, the defendant must make a showing of good cause measured by her diligence in attempting to meet the court's scheduling deadlines.  See Sherman, 532 F.3d at 716-17.  Plaintiff offers two possible explanations for her delay.  First, Plaintiff argues she consistently informed Defendant of her intention to testify as an expert and treating physician.  However, she has submitted no

4

evidence in support of that contention. In fact, the only evidence submitted on the topic is an email from Plaintiff's counsel to Defendants' counsel on April 4, 2012 in which the topic is broached. This communication was well past the formal expert disclosure deadline.

Second, Plaintiff offers the vague assertion that the "unique" issue of a plaintiff also testifying as her own expert "wasn't apparent initially, but developed as litigation progressed." Filing No. 51, p. 5. Plaintiff offers no further explanation and the court can see no reason why this issue was not immediately apparent to Plaintiff and why she could not have been disclosed as an expert prior to the expiration of the disclosure deadline. By then, Plaintiff clearly would have known if she possessed an opinion regarding her own diagnosis and care. Having found no "good cause" for Plaintiff's failure to comply with this court's scheduling order, Plaintiff's motion to extend the expert disclosure and report deadline is denied.

  2.  **<u>Defendant's Motions to Exclude Expert Testimony</u>.**

Having found the progression order will not be amended to cure any deficiencies in Plaintiff's expert disclosures, the court must now consider the potential remedies available when a party seeks to obtain and rely upon the testimony of either an undisclosed or improperly disclosed expert or expert report.

The requirements of expert disclosures are specifically governed by Fed. R. Civ. P. 26(a)(2). Under Rule 26(a)(2)(B), retained witnesses or witnesses employed specifically to give expert testimony must provide detailed expert reports containing the information set forth in Rule 26(a)(2)(b)(i-vi). Other expert witnesses, including treating physicians, are not required to provide detailed reports, but must be properly disclosed and provide a written report stating "the subject matter on which the witness is expected to present evidence . . .

5

[and] a summary of facts and opinion to which [the expert] is expected to testify." See Fed. R. Civ. P. 26(a)(2)(C) (i-ii).

The remedy for a party's attempt to use inadequate expert disclosures is found in Fed. R. Civ. P. 37(c) which provides:

> (1)  If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A)   may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B)   may inform the jury of the party's failure; and
>
> (C)   may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1).

"The district court may exclude the information or testimony as a self-executing sanction unless the party's failure to comply is substantially justified or harmless." Wegener v. Johnson, 527 F.3d 687, 692 (8th Cir. 2008). When determining a proper remedy for an insufficient expert disclosure, the court will engage in a balancing test, taking into consideration the following factors: (1) the reason for noncompliance; (2) the surprise and prejudice to the opposing party; (3) the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and (4) the importance of the information or testimony.  Id. (citing Sellers v. Mineta, 350 F.3d 706, 711-12 (8th Cir. 1995).  While the district court has broad discretion in crafting an appropriate remedy, that discretion narrows

as the severity of the proposed sanction increases. See Doe v. Young, 664 F.3d 727, 734 (8th Cir. 2011). This is particularly true where the exclusion of evidence will result in a one-sided trial or is tantamount to a dismissal of the claims. See Doe, 664 F.3d at 734; Wegener, 527 F.3d at 692.

### a.  Expert Testimony of the Disclosed Treating Physicians

Defendant has filed a motion to exclude the testimony of Drs. Schroeder, Partington, Malik, and Kline. Defendant asserts Plaintiff failed to comply with Fed. R. Civ. P. 26(a)(2) by either not providing required expert reports under 26(a)(2)(B) or by failing to adequately provide the subject matter of their testimony and the facts and opinions to which the treating physician(s) intend to testify pursuant to Fed. R. Civ. P. 26(a)(2)(C). For her part, Plaintiff argues she properly disclosed the experts as treating physicians and was not required to produce expert reports. Moreover, she asserts, Defendant has all of the medical records and will suffer no harm or prejudice if the treating physicians are allowed to testify.

It is true Plaintiff's disclosure of her alleged treating physicians is not a particularly well-crafted or in technical compliance with the requirements of Fed. R. Civ. P. 26(a)(2)(C). She provided the names and the connection each expert has to Plaintiff's treatment and little else. Even broadly construed these disclosures do not contain "the subject matter on which the witness[es] [are] expected to present evidence . . . [and] a summary of facts and opinion to which [the experts] [are] expected to testify." See Fed. R. Civ. P. 26(a)(2)(C) (i-ii). However, the Eighth Circuit has generally held that noncompliance with Rule 26(a) does not automatically lead to the exclusion of evidence. See Doe, 664 F.3d at 734 (citing cases); Wegner, 527 F.3d at 692-93 (citing cases). Indeed, the court must undertake a balancing test to determine if the deficient disclosure is either substantially justified or harmless and, therefore, whether exclusion of the evidence is a proper remedy. Id.

7

In applying the factors set forth in Wegner, it is clear Plaintiff has provided no explanation for providing inadequate disclosures. However, Plaintiff's reason, or lack thereof, for noncompliance is not the sole deciding factor in fashioning an appropriate remedy.

Defendant cannot legitimately claim that she is surprised by the fact Plaintiff intends to use the treating physicians as witnesses since the Plaintiff provided at least a minimal disclosure by the court ordered expert disclosure deadline. Plaintiff asserts, and Defendant does not deny, that Defendant has all of Plaintiff's medical records in her possession and has undoubtedly been able to review those records and form a general idea of what the medical expert testimony would be. Thus, to the extent Plaintiff seeks to use testimony or other evidence from treating physicians, Defendant already possesses the basis for any of the proposed opinions. Although the previous disclosure of the medical records does not, in and of itself, excuse the faulty expert disclosures, the risk of any harm is substantially limited by the fact that the expert opinions Plaintiff may garner from treating physicians are those revealed within their medical treatment records, all of which the defendant has received. See Crump v. Versa Products, Inc., 400 F.3d 1104, 1110 (8th Cir. 2005) (upholding district court's decision to allow testimony of undisclosed experts where opposing party provided basis for expert opinion's during discovery and made experts available for deposition).

As demonstrated by Defendant's motion for summary judgment, the testimony of treating physicians may be vital to Plaintiff's case. As Defendant astutely points out, Plaintiff will have a very difficult time establishing causation and damages without expert testimony.[2] The Eighth Circuit has consistently warned against discovery sanctions which result in the dismissal of claims. See Dunning v. Bush, 536 F.3d 879, 890 (8th Cir. 2008) ("a dismissal

---

[2] That is not to say the expert testimony Plaintiff seeks to use will necessarily cure any alleged defects in her claim, as addressed in Defendant's motion for summary judgment. However preclusion of the expert testimony will undoubtedly doom her case.

sanction is not warranted, except in cases of egregious conduct"). Excluding all of Plaintiff's proposed expert testimony would potentially result in dismissal of the action – a sanction that is not without precedent, but is generally disfavored. See Dunning v. Bush, 536 F.3d 879, 889-90 (8th Cir. 2008) (district court should consider a lesser sanction, if any, before imposing one that resulted in dismissal of a claim). But see White v. Howmedica, Inc., 490 F.3d 1014, 1016 (8th Cir. 2007)(excluding testimony of undisclosed expert leading to dismissal of the products liability case on summary judgment).

Finally, allowing Plaintiff's treating physicians to provide evidence or testimony will not unduly upset the order and efficiency of trial. Trial was originally set for June 4, 2012. That date has been continued pending the resolution of the parties' numerous discovery motions. Defendant has also filed a motion for summary judgment which will necessarily extend the trial date if Defendant's motion is denied. In short, this case is not currently ready for trial and if additional discovery is necessary, the trial will not be unduly delayed.

Thus, Defendant's motion to quash the notice of deposition of Dr. Marcus Schroeder is denied, as is Defendant's motion to exclude the testimony of Dr. Marcus Schroeder, Dr. Curtis Partington, Dr. Ghaus Malik, and Dr. Dave Kline.

Although, the court is not excluding the testimony of the disclosed treating physicians, the parameters of the testimony will confined to information disclosed within the Plaintiff's disclosed medical records. The offered testimony or evidence cannot extend beyond each respective treating physician's respective records and reports and any reasonable factual inferences that can be drawn therefrom.

    b.    **Expert Testimony of Plaintiff**

9

4:11-cv-03013-CRZ Doc # 53 Filed: 06/20/12 Page 10 of 11 - Page ID # 194


Defendant has likewise moved to exclude any expert testimony offered personally by Plaintiff.  Plaintiff is a physician and professes to have "self-diagnosed and self-treated," but she failed to disclose herself as an expert in any manner.  Although Plaintiff suggests she previously made known her intention to testify as an expert, she submitted no evidence to support this claim.  Plaintiff has had ample time to make such a disclosure and, in fact, has disclosed other experts. Moreover, she has submitted no evidence, or even made reference to, what type of evidence she intends to submit in her capacity as an expert to help support her claim.  Presumably, she did not keep medical records or charts of her self-evaluations and none have been produced to the Defendant.[3]  Accordingly, Defendant had no notice of Plaintiff's intention to testify as an expert until just prior to her deposition and had no notice of what Plaintiff's expert opinions might be.  Plaintiff has disclosed several treating physicians who presumably can provide treatment and diagnosis information to support her claim.  Under Fed. R. Civ. P. 37(c), the court finds the appropriate sanction for Plaintiff's failure to disclose herself as an expert witness is the exclusion of any expert testimony from her.  See Wegener, 527 F.3d at 693 (excluding relevant testimony from a non-disclosed expert where other evidence could be presented on the matter); Tronknya v. Cleveland Chiropractic Clinic, 280 F.3d 1200, 1205 (8th Cir. 2002)(holding duplicative evidence was not critical to the party's case).

Accordingly,

IT IS ORDERED:

1) Defendant's motion to quash the notice of deposition of Dr. Marcus Schroeder, (filing no. 34), is denied.

---

[3] To the extent she did keep such records and has previously disclosed them, Plaintiff would be allowed to testify on those limited materials.

2) Defendant's motion to exclude expert testimony, (filing no. 39), is denied as to Dr. Marcus Schroeder, Dr. Curtis Partington, Dr. Ghaus Malik, Dr. Dave Kline, and granted as to any testimony of the Plaintiff serving as her own expert.

3) Plaintiff's motion to extend the time for the submission of expert reports and motion in limine to determine whether Plaintiff may testify as a lay witness and an expert, (filing no. 37), is denied.

4) Defendant's motion to extend the deposition deadline to take Plaintiff's deposition, (filing no. 42), is granted.

5) Plaintiff's response to the defendant's motion for summary judgment shall be filed on or before July 3, 2012, with any reply thereto filed on or before July 10, 2012.

DATED this 20th day of June, 2012.

BY THE COURT:

*s/ Cheryl R. Zwart*

United States Magistrate Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.