IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JEANNETTE M. LOPEZ,

        Plaintiff,

vs.

BECKI J. KEESHAN,

        Defendant.

4:11CV3013

**MEMORANDUM AND ORDER**

      This matter is before the court on Plaintiff's amended motion to dismiss without prejudice, (filing no. 56). For the reasons set forth below, Plaintiff's motion is denied.

BACKGROUND

      Plaintiff originally filed this personal injury lawsuit on February 2, 2011. Filing No. 1. The plaintiff alleges she suffered injuries as the result of Defendant's negligent operation of a motor vehicle. Defendant made her appearance in the matter on June 10, 2011. The parties completed the Rule 26(f) planning report and a final progression order was entered setting the trial for June 4, 2012.

      The parties engaged in discovery, leading to several disputes, including at least one motion to compel and a disagreement over the adequacy and timeliness of Plaintiff's expert disclosures. Most notably, Plaintiff sought to testify as an expert, alleging she served as her own diagnosing and treating physician, but she did not timely disclose herself as such. Her attempt to extend the expert report deadlines was denied, and Defendant's motion to exclude any testimony of the Plaintiff serving as her own expert was granted. Filing No. 53.

Defendant filed a motion for summary judgment in this matter on May 15, 2012. Filing No. 46. The motion was based, in large part, on the Plaintiff's alleged lack of expert testimony to support her contention that she was injured as a result of Defendant's actions. Plaintiff's attorney told the undersigned and Defendant's counsel that the extensions were necessary because his mother was diagnosed with acute lung cancer and Plaintiff's attorney needed additional time to respond to the pending motions. Plaintiff moved to continue the summary judgment response deadline, and was granted until July 3, 2012 to respond to Defendant's motion for summary judgment. Filing No. 53. In addition, the pretrial conference and trial were stayed until further order of the court. Filing No. 49.

On July 2, 2012, Plaintiff filed her motion to dismiss without prejudice. Filing No. 54. Defendant filed an objection, arguing she would be prejudiced if Plaintiff's dismissal was granted. In response, Plaintiff filed an amended motion to dismiss, (filing no. 56) stating as follows:

> Plaintiff's counsel's mother was diagnosed, two months ago, with Stage 4 lung cancer, which is incurable. Plaintiff's counsel cannot adequately prosecute a federal jury trial at this time nor in the foreseeable future.

Filing No. 56.

Defendant filed an objection to the amended motion to dismiss, again arguing that granting such a motion would be prejudicial to her. Filing No. 58. The matter is now fully submitted.

ANALYSIS

The voluntary dismissal of an action is governed by Fed. R. Civ. P. 41(a). An action may be dismissed without a court order either upon the filing of a notice of dismissal "before the opposing party serves either an answer or a motion for summary judgment" or upon the filing of a stipulation signed by all parties. Fed. R. Civ. P. 41(a)(1). Where the defendant has already filed an answer or motion for summary judgment, a voluntary dismissal may be granted "only by court order, on terms the court considers proper." Fed. R. Civ. P. 41(a)(2).

"The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side." Paulucci v. City of Duluth, 826 F.2d 780, 782 (8th Cir. 1987). When determining whether to grant a motion to dismiss under Rule 41(a)(2), a court should consider the following factors:

> (1) the defendant's effort and expense involved in preparing for trial,
>
> (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action,
>
> (3) insufficient explanation of the need to take a dismissal, and
>
> (4) the fact that a motion for summary judgment has been filed by the defendant.

Id. at 783.

"Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." Id. at 782. That is, the potential prejudice the defendant will suffer must be more than the purely economic ramifications of having to defend another suit filed at a later time. Id.

3

Plaintiff has moved to dismiss this case without prejudice due to her attorney's understandable inability to further litigate this matter. Were it simply a matter of the plaintiff needing a good reason to dismiss her case with the possibility of re-filing it at a later time, the court may view the matter differently. However, as explained above, the Eighth Circuit requires the court not only examine the plaintiff's rationale for requesting a dismissal without prejudice, but it must also consider what impact a dismissal without prejudice will have on the defendant.

In addition to the obvious financial burden Defendant would face, a dismissal and the ensuing re-filing would create substantial legal prejudice to Defendant. The parties have conducted extensive discovery and the defendant was successful on a significant discovery matter. That is, the undersigned ruled that due to a late attempt to disclose herself as an expert, Plaintiff is precluded from testifying as such in this case. Defendant has filed a motion for summary judgment alleging Plaintiff has not presented the expert testimony necessary to show a causal link between the accident and the physical symptoms of which Plaintiff is complaining. In addition, the expert deadline has passed and Plaintiff will only be allowed to extend that deadline with a showing of "good cause." At this point in the current litigation, the plaintiff will have a very difficult time adding experts to bolster her case. If the court grants Plaintiff's motion to dismiss without prejudice and the case is subsequently re-filed, the discovery process will begin anew, and Defendant will have lost any ground she has gained through the favorable discovery rulings she received in the current action. Such an outcome would clearly and significantly prejudice the defendant.

While the court is sympathetic with the plight of Plaintiff's attorney, the court cannot grant a dismissal without prejudice where Defendant would be placed at a significant disadvantage in subsequent litigation. However, Plaintiff is not without

options.  If Plaintiff's counsel is going to be unavailable for a protracted period of time, he undoubtedly could help Plaintiff locate competent substitute counsel who could be brought up to speed quickly on the progression of the case and could prepare the response to Plaintiff's motion for summary judgment.  Further, Defendant's counsel, and the court, have also expressed a willingness to work with Plaintiff's counsel on the case deadlines and have done so already.  If Plaintiff's counsel does not need an indefinite extension of the progression schedule, the undersigned is convinced the parties could reach an agreement on the upcoming case deadlines.

IT IS ORDERED

1) Plaintiff's motion to dismiss (filing no. 54) and Defendant's objection to that motion, (filing no. 55) are denied as moot.  Plaintiff's amended motion to dismiss is denied (filing no. 56) and Defendant's objection to that motion (filing no. 58) is granted.

2) Plaintiff's response to Defendant's motion for summary judgment shall be filed on or before September 7, 2012.  If this date proves unworkable for Plaintiff's counsel, he may move to change the date by either conferring with defense counsel and filing an unopposed or joint motion, or absent an agreement with opposing counsel, filing a motion to continue or change the plaintiff's summary judgment response deadline.

Dated this 14th day of August, 2012.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.